UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ONOFRE URBAY,

      Petitioner,

v.                                                          Case No.:  2:26-cv-01406-SPC-DNF

MARKWAYNE MULLIN *et al.*,

      Respondents,

                                     /

## **OPINION AND ORDER**

Before the Court are petitioner Onofre Urbay's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).  For the below reasons, the Court grants the petition.

Urbay is a native of Cuba who was paroled into the United States in 1980.  He was convicted of drug charges in 1985 and 1987, and an immigration judge ordered him excluded on April 27, 1993.  Immigration and Customs Enforcement ("ICE") released Urbay under an order of supervision on August 18, 2009.  Since then, Urbay has complied with the conditions of his release except for a missed check-in appointment in 2023.  He has no additional criminal history.  On February 17, 2026, Border Patrol agents arrested Urbay because of his immigration status and handed him over to ICE.  Urbay challenges the legality of his detention under the Fifth Amendment and the Immigration and Nationality Act.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Urbay's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Urbay has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2009, and no change in circumstances makes removal more likely now. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Urbay will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas.* If removal becomes likely in the reasonably foreseeable future, ICE

can detain Urbay to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Onofre Urbay's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Urbay within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record